# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

September 15, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**SAMUEL A. ROBINSON,**
**Claimant Below, Petitioner**

**vs.)** **No. 16-1217** (BOR Appeal No. 2051396)
(Claim No. 2000045824)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER,**
**Commissioner Below, Respondent**

**and**

**EASTERN ASSOCIATED COAL, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Samuel A. Robinson, by Patrick K. Maroney, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of the Insurance Commissioner, by Henry C. Bowen, its attorney, filed a timely response.

The issue on appeal is whether a lumbar CT scan should be authorized. The claims administrator denied Timothy Deer, M.D.,'s request for a lumbar CT scan on July 15, 2015. The Office of Judges affirmed the decision in its June 9, 2016, Order. The Order was affirmed by the Board of Review on December 1, 2016. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Robinson, a brakeman, suffered a lower back lifting injury in the course of his employment on March 5, 2000. The report of injury indicates he was diagnosed with low back strain injury or a herniated disc. The diagnostic codes provided were lumbar sprain/strain and

1

overexertion and strenuous and repetitive movements or loads. The report stated the injury aggravated a chronic or prior injury, noting Mr. Robinson had a history of low back injury. The claim was held compensable for lumbar sprain on April 11, 2000. A claims administrator decision dated January 25, 2006, listed the compensable diagnoses as lumbar sprain; lumbosacral joint ligament sprain/strain; reaction to spinal or lumbar puncture; depressive disorder; major depressive disorder; unspecified neuralgia, neuritis/radiculitis; other/unspecified disorder of lumbar region; and lumbosacral neuritis or radiculitis.

In an August 15, 2001, independent medical evaluation, George Orphanos, M.D., found that Mr. Robinson sustained a musculoligamentous type injury involving the lumbar spine as a result of a work-related accident superimposed on pre-existing spondylosis at L5. Dr. Orphanos noted that he had pre-existing spondylosis at L5 and also noted degenerative bulging discs at L4-5 and L5-S1. Mr. Robinson was found to be stable and at maximum medical improvement.

In a treatment note dated July 29, 2009, Rajesh Patel, M.D., assessed lumbar sprain, spinal stenosis, lumbar disc protrusion, facet arthropathy, and spondylosis bilaterally at L5. Dr. Patel explained to Mr. Robinson that the stenosis at L4-5 could be causing some of the leg symptoms; however, without a myelogram or MRI it would be difficult to determine the exact amount of stenosis. Dr. Patel noted that Mr. Robinson had an allergic reaction to dye in the past so an MRI was not possible. He recommended decompression at L4-5 without fusion. He explained that the fusion would have to be two levels and may not be in his best interest. If Mr. Robinson continued to get adequate pain relief from the pain pump, he recommended holding off on fusion.

Prasadarao Mukkamala, M.D., performed an independent medical evaluation on August 9, 2013, in which he diagnosed lumbar sprain and found that Mr. Robinson had reached maximum medical improvement. It was noted that his recovery was delayed by naturally occurring degenerative spondylosis and disc degeneration.

Mr. Robinson testified in a deposition on November 14, 2014, that he was injured at work while lifting. He experienced severe back pain and was taken to Raleigh General Hospital by ambulance. He had severe pain in his lower back and burning pain down both legs into the feet. Mr. Robinson asserted that he had none of these symptoms prior to the injury. He testified that he has a spinal cord stimulator which helps with the back pain but not the leg and feet pain. He explained that Dr. Deer wants him to have surgery to install a larger implant or paddle stimulator.

The claims administrator denied Dr. Deer's request for a lumbar CT scan on July 15, 2015. The Office of Judges affirmed the decision in its June 9, 2016, Order. It found that the claim is now over sixteen years old. Mr. Robinson has been found to be at maximum medical improvement several times over the years including in 2001 by Dr. Orphanos and in 2013 by Dr. Mukkamala. He has even been granted a 12% permanent partial disability award. Dr. Mukkamala found in his independent medical evaluation that Mr. Robinson required no further treatment other than a home exercise program. Dr. Mukkamala opined that his ongoing symptoms are the result of degenerative changes, noting naturally occurring degenerative spondylosis and disc degeneration. The Office of Judges determined that the request for a lumbar CT scan is far beyond the treatment guidelines of West Virginia Code of State Rules § 85-20 (2006). The Office of Judges concluded that Mr.

Robinson failed to provide sufficient evidence to show that treatment beyond the guidelines should be authorized. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its decision on December 1, 2016.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Mr. Robinson failed to show by a preponderance of the evidence that the requested CT scan is medically related and reasonably required treatment for his compensable injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: September 15, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker